O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29
CIVIL MINUTES - GENERAL

| Case No. | CV 08-5318 PSG (SHx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Schneider National Carriers, Inc. v. Midland West, Inc. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present                              Not Present

**Proceedings:**     **(In Chambers) Order on Motion to Dismiss Counterclaims and Motion to Strike**

Before this Court are Plaintiff's motion to dismiss Defendant's counterclaims and motion to strike. The Court finds the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS in part and DENIES in part the motions.

I.     Background

On June 15, 2007, Plaintiff Schneider National Carriers, Inc. ("Schneider") entered into an agreement with Midland West, Inc. ("Midland") to transport freight from California to Illinois. Midland paid Schneider between June 19, 2007 and December 17, 2007. Schneider claims that on or after January 3, 2008, Midland breached the contract by refusing to pay subsequent invoices.

Schneider filed suit on August 13, 2008. On December 1, 2008, Midland filed its answer and counterclaims, alleging four causes of action: (1) breach of contract, (2) fraudulent misrepresentation, (3) unfair competition in violation of California Bus. & Prof. Code sections 17200 *et seq.* and 17500 *et seq.*, and (4) breach of implied contract. Midland seeks restitution, $633,925 in compensatory damages, punitive damages, interest, attorneys' fees, and costs. Schneider now moves to dismiss Midland's counterclaims for breach of contract and fraud and moves to strike Midland's allegations of breach of contract and requests for attorneys' fees and punitive damages.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29
CIVIL MINUTES - GENERAL

| Case No. | CV 08-5318 PSG (SHx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Schneider National Carriers, Inc. v. Midland West, Inc. | | |

II.     Legal Standard

    A.     Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). However, detailed and "[s]pecific facts are not necessary; the statement need only give the Midland fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Courts must also construe all reasonable inferences in the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). To further the inquiry, courts may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir. 1994), *rev'd on other grounds*. A document, however, may be considered only if it is alleged in the complaint and its authenticity is not questioned. *See id.*

    B.     Motion to Strike

Rule 12(f) of Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Immaterial matter is that which has no essential or important relationship to the claim for relief " and "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citations omitted), *rev'd on other grounds, Fogerty v. Fantasy, Inc.*, 510

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29

CIVIL MINUTES - GENERAL

| Case No. | CV 08-5318 PSG (SHx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Schneider National Carriers, Inc. v. Midland West, Inc. | | |

U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Generally, federal courts disfavor motions to strike unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal citations omitted).

III.    Discussion

    A.    Motion to Dismiss

        (1)    Breach of Contract

Midland's first cause of action is for breach of contract. Schneider claims that the parties' agreement is memorialized in Schneider's two bid proposals, which are attached to Schneider's first amended complaint ("FAC") as Exhibits "A" and "B" but not included in Midland's counterclaim. According to Schneider, the Court should consider the bids as part of Midland's pleading because the counterclaim refers in large part to the bids. If the Court considers the bids, Schneider can show that the bids do not state what Midland alleges they state, and thus no breach occurred.

The Court should not consider the existence of facts that are extrinsic to the complaint in a 12(b)(6) motion. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). However, "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (superseded by statute on other grounds).

Here, the authenticity of Schneider's bids are not contested, and the counterclaim refers to a "rate bid." However, the counterclaim does not state, and Midland's opposition denies, that the parties' agreement is based on Schneider's bids marked as Exhibits A and B to the FAC. Midland alleges that Schneider made an oral bid involving a different service, which is the bid that Midland accepted. Thus, the counterclaim does not appear to rely on the bids submitted by Schneider as Exhibits A and B and, as such, the bids should not be considered part of Midland's pleadings.

Because Schneider does not raise any other grounds for dismissing the breach of contract

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29

CIVIL MINUTES - GENERAL

| Case No. | CV 08-5318 PSG (SHx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Schneider National Carriers, Inc. v. Midland West, Inc. | | |

claim, Schneider's motion to dismiss Midland's counterclaim for breach of contract is DENIED.

  (2) Fraud

 Midland's second cause of action is for fraudulent misrepresentation. Schneider argues that Midland failed to plead its fraud claim with particularity required under Fed. R. Civ. P. 9(b) and failed to plead reasonable reliance, a necessary element of fraud.

 The Court finds that Midland has failed to state a cause of action for fraud because the second counterclaim simply reiterates allegations of conduct constituting a breach of contract. Midland claims that from June to December 2007, Schneider submitted invoices for transportation services that represented that Schneider was providing expedited trailer on flat car ("TOFC") service and that the fuel surcharges did not include price markups. Midland claims that Schneider knew the invoices falsely reflected the actual service provided and the fuel price and intended for Midland to rely on those false invoices. Midland alleges that it reasonably relied on Schneider's invoices and was injured as a result of its reliance.

 However, although Midland claims it paid the invoices as a result of Schneider's fraud, it was obligated under the contract to make these payments. Accordingly, Midland's allegations do not consist of fraudulent conduct but rather of Schneider's failure to perform under the terms of the contract. Thus, Schneider's motion to dismiss Midland's counterclaim for fraud is GRANTED without prejudice.[1]

  B. Motions to Strike Counterclaim's Allegations of Breach of Contract and Requests for Attorneys' Fees and Punitive Damages

  (1) Allegations of Breach of Contract

 Schneider contends that portions of Midland's counterclaims should be stricken because

---

[1] Midland claims in its opposition that Steve Urubek from Schneider "falsely represented at the inception of the business relationship between the parties that (a) the fuel surcharge . . . was to be calculated as a pass through of the BNSF fuel rate . . . or (b) that Schneider would be utilizing BNSF's expedited TOFC rail service. . ." *Opp*. 9:17-22. Midland could be referring to an unstated claim for fraudulent inducement, but because it did not allege this cause of action in the counterclaim, the Court will not consider these allegations outside the pleadings.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#29
CIVIL MINUTES - GENERAL

| Case No. | CV 08-5318 PSG (SHx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Schneider National Carriers, Inc. v. Midland West, Inc. | | |

Midland's allegations contradict the actual terms of the bids marked Exhibits A and B to the FAC. Because the Court has determined that the bids marked Exhibits A and B are not part of Midland's pleadings, Schneider's motion to strike the allegations of breach of contract is DENIED.

(2)  Request for Attorneys' Fees

Midland seeks, *inter alia*, judgment against Schneider for attorneys' fees. Schneider argues that the claim for attorneys' fees should be stricken because a prevailing party is entitled to attorneys' fees only if specifically provided for in a contract, by statute, or if the case involves a common fund.

According to the American Rule, "attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717, 87 S. Ct. 1404, 18 L. Ed. 2d 475 (1967), *superseded by statute on other grounds*. The Supreme Court recognizes a few exceptions to this rule, including cases that involve bad faith, disobedience of a court order, or a common fund. *Summit Valley Indus. Inc. v. Local 112, United Bhd. of Carpenters and Joiners of Am.*, 456 U.S. 717, 721, 102 S. Ct. 2112, 72 L. Ed. 2d 511. In the instant case, Midland seeks attorneys' fees but does not provide the basis for this request. The prayer for relief does not cite any statute, allege that the parties' contract provided for attorneys' fees, nor claim an exception to the American rule. Accordingly, there is no authority for granting attorneys' fees in this case. Thus, Schneider's motion to strike Midland's request for attorneys' fees is GRANTED.

(3)  Request for Punitive Damages

Midland prays for punitive damages pursuant to California Civil Code section 3294, which states in relevant part:

> In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

Schneider argues that punitive damages are not recoverable under a breach of contract claim.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**#29**
CIVIL MINUTES - GENERAL

| Case No. | CV 08-5318 PSG (SHx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Schneider National Carriers, Inc. v. Midland West, Inc. | | |

Under California law, parties cannot recover punitive damages for a breach of contract. *See Consol. Data Terminals v. Applied Digital Data Sys., Inc.*, 708 F.2d 385, 399 (9th Cir. 1983); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 516, 28 Cal. Rptr. 2d 475 (1994). However, punitive damages may be awarded "where a defendant fraudulently induces the plaintiff to enter into a contract . . . [F]raud alone is an adequate basis for awarding punitive damages." *Glendale Fed. Sav. & Loan Ass'n v. Marina View Heights Dev. Co.*, 66 Cal. App. 3d 101, 135, 135 Cal. Rptr. 802 (internal citations omitted).

Here, Midland's counterclaim seeks punitive damages for fraudulent misrepresentation under the parties' agreement. In other words, the action is based on a breach of a contractual obligation, for which punitive damages are not allowed. Additionally, Midland does not allege fraudulent inducement of the contract. Therefore, an award of punitive damages would not be proper in this case. Thus, Schneider's motion to strike Midland's requests for punitive damages is GRANTED.

IV.   Conclusion

1. Schneider's motion to dismiss Midland's counterclaim for breach of contract is DENIED;

2. Schneider's motion to dismiss Midland's counterclaim for fraud is GRANTED;

3. Schneider's motion to strike Midland's allegations of breach of contract is DENIED;

4. Schneider's motion to strike Midland's request for attorneys' fees is GRANTED; and

5. Schneider's motion to strike Midland's requests for punitive damages is GRANTED.

Midland may file amended counterclaims **within 21 days** of the date of this order.

   **IT IS SO ORDERED.**