DONGELL LAWRENCE FINNEY LLP
Hillary Arrow Booth, SBN 125936
(hbooth@dlflawyers.com)
Ian P. Culver, SBN 245106
(iculver@dlflawyers.com)
707 Wilshire Boulevard, 45th Floor
Los Angeles, CA 90017-3609
Telephone: (213) 943-6100
Facsimile: (213) 943-6101

SULLIVAN HINCKS & CONWAY
Matthew P. Barrette (Admitted P.H.V.)
(mattbarrette@shlawfirm.com)
120 W. 22nd Street, Suite 100
Oak Brook, Illinois 60523
Telephone: (630) 573-5021

Attorneys for Defendant
MIDLAND WEST, INC.



FILED
CLERK, U.S. DISTRICT COURT
SEP - 1 2009
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SCHNEIDER NATIONAL CARRIERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND WEST, INC., a corporation, <br><br> Defendant. <br><br><br> AND RELATED CROSS-CLAIMS | Case No. CV 08-05318 PSG (SHx) <br><br> Hon. Philip S. Gutierrez <br> Magistrate: Hon. Stephen J. Hillman <br><br> [~~PROPOSED~~[ **PROTECTIVE ORDER** <br><br> [DISCOVERY MATTER] <br><br> Date:       [date] <br> Time:       [time] <br> Courtroom: 550 <br><br><br> COMPLAINT FILED: 8/13/2008 <br> TRIAL DATE:          9/29/2009 |

1

Pursuant to the authority set forth in Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds that entry of a Protective Order is appropriate in this case.

IT IS THEREFORE ORDERED THAT:

1. <u>Scope</u>. This Protective Order ("Protective Order") governs the treatment of all information contained in documents and other written, recorded, computerized, electronic or graphic matter, copies, excerpts or summaries of documents ("Discovery Material") produced by any party or non-party ("Producing Party") in the above-captioned matter ("Action").

2. <u>Designation</u>. Any person or entity, whether a party or nonparty and whether acting on its own or through counsel (hereinafter, "designating party"), that is subject to this Protective Order, may designate any Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," if the designating party believes in good faith that such Discovery Material constitutes, contains, reveals or reflects confidential, trade secret, or proprietary information. This Protective Order in no way gives such designating party unbridled discretion to mark whatever it chooses to be kept confidential. Rather, designated material must be a trade secret or other confidential research, development, or commercial information, as contemplated by Federal Rule 26(c)(1)(G).

All Discovery Material so designated shall be referred to in this Protective Order as "Confidential Discovery Material." This designation shall apply regardless of the form in which the Confidential Discovery Material is kept or maintained, and extends to any documents, including exhibits, copies, notes, abstracts, summaries, or analyses, to the extent that such documents reflect Confidential Discovery Material. All Confidential Discovery Material shall be handled in strict accordance with the terms of this Protective Order.

3. *Protected Information.* For purposes of this Protective Order, the following categories of materials shall be eligible to be designated either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," pursuant to the limitations set forth in Paragraph 2 herein:

   a. material that contains, concerns or references the parties' confidential customer information;

   b. material that contains, concerns or references the parties' confidential rates, pricing, pricing quotes, bids, and/or pricing information;

   c. material that contains, concerns or references the terms and conditions applicable to the parties' agreements with each other and/or other customers or vendors;

   d. any and all contracts between parties or between one party and a non-party, provided said contracts contain, concern, or reference any of the categories of protectable material and/or any other legally-recognizable trade secret or confidential information set forth in sub-Paragraphs 3a, 3b, and 3c, herein;

   e. any material that may otherwise constitute trade secret or other confidential research, development or commercial information, including, but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, within the scope of Rule 26(c)(7), Fed. R. Civ. P.

The listing of the above categories of protectable material does not mean all documents in such categories are automatically confidential and must thus be designated as such.

4. *Form of Designation.* All Confidential Discovery Material in the form of physical objects or documents shall be designated by stamping or affixing on the face of the document and on each page or portion thereof either of two legends: **"CONFIDENTIAL"** or, in the case of the most sensitive confidential and/or proprietary information, **"CONFIDENTIAL – ATTORNEYS' EYES ONLY."** Either designation shall subject material or a document, its

contents, or any portion thereof, to this Protective Order without any further act on the part of the designating person.

    5.    "CONFIDENTIAL" Material. Confidential Discovery Material that is designated "**CONFIDENTIAL**" may be disclosed or made available without written consent from the designating party *only* to the following persons:

    a.    The parties to this Action, *provided that* any such person(s) execute an undertaking to be bound by this Protective Order in the form attached hereto as Appendix A (the "Undertaking") prior to any disclosure to such person(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such person(s);

    b.    Counsel for the respective parties to the Action, including attorneys, paraprofessionals, and employees of such law firms;

    c.    Experts retained to assist counsel for the parties described in subparagraph 5(a), *provided that* such experts execute the Undertaking prior to disclosure and a copy of such signed Undertaking is retained by counsel for the party making such disclosure to such expert;

    d.    Employees, officers, and directors of each party to the extent that such person(s) are assisting in the prosecution or defense of the Action, *provided that* such person(s) execute the Undertaking prior to disclosure and a copy of such signed Undertaking is retained by counsel for the party making such disclosures so that it may be shown to counsel for the designating party if a request therefore is made;

    e.    Any witness deposed in this Action, who shall be provided prior to or at the outset of his or her deposition with a copy of this Protective Order on the record at the deposition. In such instance, the witness shall be bound by the provisions of this Protective Order and shall be informed that he or she (and such person's counsel, if any), is bound by the terms of this Protective Order by virtue of this Order of the Court;

    f.    Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

 g. The Court, Court personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper; and

 h. Any employee or representative of the designating party.

6. "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material. Confidential Discovery Material that is designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed or made available without written consent from the designating party *only* to the following persons:

 a. Outside counsel for the respective parties to this Action, including attorneys, paraprofessionals, and employees of such law firms;

 b. Experts retained to assist counsel for the parties described in subparagraph 5(a), *provided that* any such expert execute the Undertaking prior to any disclosure to such expert, that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such expert, and that such expert receive explicit instructions not to disclose the Discovery Material to the party;

 c. Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

 d. The Court, Court personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper;

 e. Any employee or representative of the designating party;

 f. Any non-party witness deposed in this Action, who shall be provided prior to or at the outset of his or her deposition with a copy of this Protective Order on the record at the deposition. In such instance, the witness shall be bound by the provisions of this Protective Order and shall be informed that he, or she (and such person's counsel, if any), is bound by the terms of this Protective Order by virtue of this Order of the Court;

 g. This Protective Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a

general way of Discovery Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY;" provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

7. <u>Use of Confidential Discovery Material</u>. Confidential Discovery Material shall be used only for the prosecution and/or defense of this Action and may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent Court Orders, or with the prior written consent of the designating party.

8. <u>Subpoenas</u>. Any party or person in possession of Confidential Discovery Material who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Discovery Material, shall promptly give written notice by facsimile to the counsel for the party who produced or designated the materials as confidential identifying the materials sought and enclosing a copy of the subpoena or other process. The designating party may move against the subpoena or other process, or otherwise oppose entry of any order by a court of competent jurisdiction compelling production of the Confidential Discovery Material. If the designating party objects to or moves against the subpoena or other process, the person or party receiving the subpoena or other process shall not produce Confidential Discovery Material before the actual due date for compliance, and shall not object to or interfere with any effort by the designating party to seek a prompt judicial determination on the designating party's motion or objection before compliance is required.

9. <u>Inadvertence</u>. The inadvertent failure to stamp a document, or a portion thereof,

with the appropriate "Confidential" designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, *provided that* the designating party gives such notice in writing within ~~thirty (30)~~ five (5) days after becoming aware that the Confidential Discovery Material was not properly designated. Such written notice shall identify with specificity the information or documents the designating party is then designating to be confidential and shall promptly provide a replacement copy of such material with the appropriate designation thereupon. Treatment of inadvertently produced confidential material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production is not a breach of this Protective Order, but the parties shall take all reasonable steps to recover or retrieve any confidential materials if a designation permitted under this paragraph is made.

10. <u>Depositions</u>. The designating party may, on the record of a deposition, or within ~~fifteen (15)~~ five (5) business days after receipt of the transcript(s) of such deposition, and upon consultation with the other party, designate portion or portions of the deposition as Confidential Discovery Material under the terms of this Protective Order. All copies of deposition transcripts that contain information or material designated as Confidential Discovery Material shall be prominently marked "Confidential" on the cover thereof and on each page that contains Confidential Discovery Material.

11. <u>Submission to Court</u>. Confidential Discovery Material may be filed with the Court or offered into evidence at trial or at any court hearing in open court *provided that* the designating party is notified at least five (5) business days in advance of any such intended use of Confidential Discovery Material. The designating party shall be entitled to make application to the Court for an order requiring the filing of any such Confidential Discovery Materials under

7

seal. If the designating party seeks to prevent such information from becoming a part of the public record, that party shall demonstrate good cause why an order requiring the filing of the materials under seal should be granted. If the Court finds good cause for the sealing of Confidential Discovery Material filed with the Court pursuant to an application made under this Paragraph, all documents and materials to be filed under seal shall be filed in accordance with the applicable court's local rules governing filing under seal.

12.  **Use by Designating Party.** Nothing in this Protective Order shall be interpreted to prohibit or prevent the designating party from using or discussing its own Confidential Discovery Material in any way it sees fit or to so use or discuss the material for any reason. Any such use or discussion of Confidential Discovery Material shall not be deemed a waiver of the terms of this Protective Order, unless the designating party utilizes the information in open court or in a pleading that is not filed under seal.

13.  **Public Information.** The restrictions set forth in any of the preceding paragraphs shall not apply to information that:

   a.  Was, is, or becomes public knowledge not in violation of this Protective Order; or

   b.  Was lawfully possessed by the non-designating party prior to the date of this Protective Order.

14.  **Privileged Information.** Disclosure of information protected by the attorney-client, work product or other applicable privilege or protection shall not constitute a waiver of any claim of privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication, even involving the same subject matter. A party that discovers that it has produced privileged or protected information shall request its return within ~~thirty (30)~~ *five (5)* days

of the discovery of such production. The privileged or protected information, together with all copies thereof, shall be returned to the party claiming privilege within ~~5~~ *five (5)* business days after requested. Any motion challenging the privilege or protection, or otherwise referring to the document(s) at issue, shall be filed under seal.

15. The following procedures shall apply to any disputes arising from the designation of Discovery Material as confidential pursuant to this Protective Order:

   a. If a party in good faith disagrees with the designating party's confidential designation, that party shall inform counsel for the designating party in writing of that disagreement no later than ~~fifteen (15)~~ *five* days ~~prior to~~ *after* the filing of the final pretrial order;

   b. Upon written notification that a party disagrees with a confidential designation, counsel for the objecting party and the designating party will confer in a good faith effort to resolve the dispute without Court intervention;

   c. *[after]* If the dispute is not *promptly* resolved ~~within fifteen (15) days of the~~ designating party's receipt of the objecting party's written notification, the designating party may invoke the Court rules and procedures for raising discovery disputes. Unless otherwise provided by applicable law, the designating party shall bear the burden of proving that information has properly been designated as Confidential Discovery Material; and

   d. Until such time as any such judicial process has been initiated and resolved, all parties receiving Confidential Discovery Material shall abide by the designation.

16. <u>Return, Retention and Destruction of Confidential Material</u>. Except as otherwise agreed in writing by the parties, within sixty three (63) days after final resolution of the this Action (including resolution of appeals or petitions for review), all Confidential Discovery Material supplied by a designating party and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall, at the possessing party's choice, be returned to the party that produced it, or the party's counsel shall certify to the party that

produced it that all such materials in their possession, custody, or control have been destroyed, *except that* the parties' respective counsel may retain one (1) complete and unredacted set of pleadings and papers filed with the Court or served upon the other parties to the California Action solely for reference in the event of, and only in the event of, further proceedings or litigation in this Action, or a dispute over the use of Confidential Discovery Material subject to the terms of this Protective Order. This Protective Order shall survive the final termination of this Action with respect to any such Confidential Discovery Material.

17. Binding Effect. This Protective Order shall become binding on the parties upon the entry of the Order by this Court. This Protective Order shall be binding upon any party joined in this litigation unless and until this Court, pursuant to a request by a joined party or on its own accord, orders that the joined party is not subject to the terms of this Protective Order.

18. Entire Agreement. Nothing in this Protective Order shall be construed as prejudicing any designating party's right to seek an agreement or Court Order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action. Until such agreement or order is obtained, however, this Protective Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

19. Modification. Any party may apply to this Court, upon written notice, in accordance with the Rules of this Court, for an Order amending, modifying or vacating all provisions of this Protective Order.

20. Time Limits. Time limits contemplated by this Protective Order may be extended by an agreement in writing, signed by counsel of record for all parties.

21. Equitable Remedy. Because a violation of this Protective Order could cause irreparable injury to the designating party, and there may be no adequate remedy at law for such

violation, the parties shall have the right, in addition to any other remedies available to them at law or in equity, to seek to enjoin any other person, entity, or party from any intentional violation of this Protective Order.

22.   Term.   This Protective Order shall continue in full force and effect after the termination of this litigation, including all appeals.

DATED this 1st day of September, 2009.

_____
JUDGE

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SCHNEIDER NATIONAL CARRIERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND WEST, INC. a corporation; and DOES 1 though 10, inclusive, <br><br> Defendants. | CASE NO.: CV-08-5318 PSG (Shx) <br><br> **UNDERTAKING** |

    1.    My name is _____. I live at _____. I am employed as (state position) _____ by (state name and address of employer) _____.

    2.    I have read the Protective Order that has been entered in the above-captioned case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions. I hereby agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Order. I agree that I shall not disclose **"CONFIDENTIAL"** material or information or **"CONFIDENTIAL – ATTORNEYS' EYES ONLY"** material or information to anyone other than persons permitted to have access to such material or information pursuant to the terms and restrictions of the Order. I further agree that, upon termination of this action, I shall return all **"CONFIDENTIAL"** material or information or **"CONFIDENTIAL – ATTORNEYS' EYES ONLY"** material or information provided to me, including all copies and excerpts thereof, pursuant to the terms of the Order.

    3.    I declare under penalty of perjury that the foregoing is true and correct.

_____
[Name]